BAKER v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

1. CARRIERS—INJURY TO PASSENGER.
Plaintiff, while a passenger on one of defendant's trains, received a blow from a heavy block, attached to a derrick, which was thrown through the window of the car. The derrick, consisting of a mast 37 feet high, and a long boom and block, had been in use near the track for several days, and when the boom was lowered and swung towards the tracks it extended over them. It had been thus swung before the train approached, and there was evidence that when it was over the tracks it could have been seen by those in charge of the train long enough before reaching it to stop the train; that the train was running at a high rate of speed; and that the watchman who had been stationed there to warn approaching trains was absent. Held, that a verdict for plaintiff was neither contrary to nor against the weight of evidence.

2. SAME—EXCESSIVE DAMAGES.

There was evidence that after the accident plaintiff was in bed for three weeks; from that time on had suffered continuously; was subject to frequent fainting attacks; was unable to attend to her household duties; suffered from sleeplessness; was despondent and nervous, and had partially lost the sense of touch; and that the injury had resulted in traumatic neurasthenia and hemorrhage of the spinal cord; and, while the former might disappear, the latter was probably permanent. The jury rendered a verdict for $8,000. *Held*, that the court would not be justified in interfering with the verdict as excessive.

Appeal from trial term.

Action by Helene Baker against the New York, New Haven & Hartford Railroad Company. From a judgment on a verdict and from an order denying a new trial, defendant appeals. Affirmed.

The plaintiff, while a passenger on one of defendant's cars, received a blow on the back of the neck from a block attached to a derrick. There was evidence that thereafter she was in bed for three weeks; from that time on had suffered continuously; was subject to frequent fainting attacks; was unable to attend to her household duties; suffered from sleeplessness; was despondent and nervous, and had partially lost the sense of touch. Physicians testified that the injury had resulted in traumatic neurasthenia and hemorrhage of the spinal cord, and that, while the former might disappear, the latter was probably permanent. At the time of the accident plaintiff was 33 years old and in good health. The jury rendered a verdict for $8,000.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Henry W. Taft, for appellant.
John J. Crawford, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger in one of the defendant's cars, by reason of the alleged negligence of its servants. The plaintiff had a verdict, and from the judgment entered thereon and the order denying a motion for a new trial the defendant has appealed. It insists that the judgment should be reversed (1) because it is contrary to and against the weight of evidence, and (2) because the damages are excessive.

On the morning of the 17th of April, 1895, the plaintiff entered one of the defendant's cars at Mt. Vernon, a station on the defendant's road, for the purpose of going to the city of New York. The train, of which this car was a part, was about 300 feet in length, and consisted of a locomotive, tender, smoking car, and three passenger coaches. The plaintiff was seated in the middle of the rear coach, and the train proceeded until it reached Fourth avenue, in said city, when the car in which she was sitting came in contact with a derrick, which was at that point being used by a contractor in changing or reconstructing a portion of the tracks or roadbed. The derrick was located some 18 feet from the tracks on which the train was running, and had been used for several days prior to that time. It consisted of a mast some 37 feet high, with a boom of about the same length, which was attached to the mast about 18 inches above the ground. To the end of the boom was fastened a block of considerable weight, with a heavy iron hook attached to it. When the boom was lowered and swung

towards the tracks, it extended over them.  On the day in question, just prior to the accident, the boom was lowered and swung over the tracks, and the hook suspended from the block came in contact with one of the cars of the train, and was then, or on the rebound of the boom, which was forced outward, thrown through the window and against the plaintiff, inflicting the injuries of which she complains. The evidence offered by the plaintiff on the trial tended to establish that when the boom began to move over the tracks the train was not then in sight; that after the boom had been moved over the tracks it could have been seen by the persons in control of the train a sufficient length of time to have stopped the train and thus avoided the collision; also that the train was running at a high rate of speed; and that the watchman, who had theretofore been stationed at that point to warn approaching trains when the boom was over the track, was absent from his post of duty.  The use of the derrick in such close proximity to the tracks, and the fact that the boom was at times operated in such a way that it might come in contact with passing cars, was so obviously dangerous that it called upon the defendant, when passing that point, to exercise the greatest care to prevent its passengers being injured.  It was bound to regulate the speed of its trains, having in view the fact that the boom might be encountered at that place.  This was the obligation resting on the defendant, and this was the duty which it owed to the plaintiff.  Considering, therefore, the speed with which this train was at the time running, in connection with the circumstances of the accident, it seems to us to indicate that, with proper care on the part of the defendant, the collision could have been prevented, and the injuries sustained by the plaintiff avoided.  We think the question of the defendant's negligence was properly submitted to the jury, and the conclusion reached by them is neither contrary to nor against the weight of evidence.

It is urged that the damages awarded were excessive.  The amount of the verdict was $8,000, and, if the jury believed the testimony given by the plaintiff's witnesses, she was not only very seriously, but permanently, injured.  She was at the time 33 years of age, in good health, and it cannot be said, under such circumstances, that the amount awarded was any too much.  Whether the plaintiff's present condition was entirely due to the blow from the hook, or whether her injuries were as serious as claimed, was a question for the consideration of the jury.  After a careful consideration of all the evidence, we do not feel justified in interfering with the verdict.

The judgment and order appealed from must therefore be affirmed, with costs.  All concur.